## ALANSON CRANE *vs.* SUMNER PRATT.

Depositing a letter containing money in the post-office, addressed to the creditor at his residence and place of business, creates no presumption that he received it, in the absence of evidence that he directed it to be so sent.

ACTION OF CONTRACT for goods sold and delivered in 1850. Writ dated May 7th 1851. After filing an affidavit of merits, but during the time allowed by law for filing an answer, the defendant put in a plea in abatement for nonjoinder of defendants, which was overruled because filed too late.

At the trial in the superior court of Suffolk at November term 1858, before *Abbott,* J., the plaintiff gave in evidence a letter to him from the defendant while agent of the Worcester Shuttle Company, dated May 16th 1851, in which he sent him an account between the plaintiff and that company, showing a sum due the plaintiff, and said, " Herewith you have account as it stands on our books; the amount due you can draw for at sight, or send order by express, as you please." The judge ruled that this was sufficient to take the case out of the statute of limitations to the extent of the sum named in it.

To prove payment, the defendant offered evidence that he put in the post-office at Worcester a letter containing the amount due, addressed to the plaintiff at his residence and place of business in Lowell; and contended that this was *prima facie* evidence of payment, and raised a presumption of law and fact that the plaintiff received the money, which, unless overcome by the plaintiff, was sufficient evidence of payment. But the judge

**ruled** "that there was no such presumption; and that the enclosing and mailing the money was only evidence to be weighed and appreciated by the jury with other evidence on that question; without stating how strong or how weak that evidence was." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. A. Ranney,* for the defendant, to the last point, cited 2 Parsons on Con. 132, note, *Walter* v. *Haynes,* Ry. & Mood. 149; *Gordon* v. *Strange,* 1 Exch. 477; *Russell* v. *Buckley,* 4 R. I. 525.

*E. Avery,* for the plaintiff.

MERRICK, J. It is conceded by the defendant that the ruling of the court in relation to the plea in abatement was correct, and the exception taken by him on that account is accordingly abandoned. *Cole* v. *Ackerman,* 7 Gray, 38. *Whipple* v. *Rogerson, ante,* 347. And the defence originally interposed, that the cause of action set forth in the declaration is barred by the statute of limitations, is no longer insisted upon. It having been admitted by the defendant that he was one of the partners of the Worcester Shuttle Company, and that as their agent and in their behalf he wrote and forwarded to the plaintiff the letter adduced in evidence, in which their alleged indebtedness to him is distinctly acknowledged, it would of course be impossible seriously to contend that the action was barred by the provisions of the statute.

The instructions given to the jury in relation to the alleged payment were perfectly correct. No evidence was produced tending to show that the plaintiff at any time or in any manner directed or authorized the remission of the money due to him by mail, nor were any circumstances proved from which such direction or authority could be inferred. It appears to be perfectly well settled that if money is transmitted in a letter through the post-office by a debtor to his creditor without his previous direction or assent, either expressly given, or to be implied from his conduct, the usual course of business, or particular facts and circumstances found, it remains until it reaches its destination and is actually received, entirely at the risk of the former. *Gurney* v. *Howe,* 9 Gray, 408, and authorities cited. This is decisive,

in reference to the question of payment, which is alleged by the defendant to have been made in this case to the plaintiff. As upon the most familiar principle the burden of proof in relation to the fact of payment rests upon the debtor, he must, in order to discharge himself from his obligation, show by com-petent and satisfactory evidence that the money was delivered to the creditor, or to some person authorized to receive it on his account, or that it was transmitted, deposited or otherwise dis-posed of, in conformity to his permission or his order. Conse-quently the court could not sanction the position taken by the counsel for the defendant at the trial, that the mere fact of mail-ing the amount of money due to the creditor in a letter addressed to him at the place of his residence, without any permission or direction from him therefor, was *prima facie* evidence of pay-ment; that such transmission was of itself a presumption of law or fact that the money thus enclosed and forwarded was received by the creditor and constituted payment of the debt, unless the presumption was overcome by his counteracting proofs. Nor indeed was it urged by the counsel for the defendant, in his argument in support of the exceptions, that these broad and connected propositions could be sustained, or that they should have been adopted by the court as the basis of its instructions to the jury. Instead of this, it was only insisted that the court erred in omitting to rule that the deposit in the post-office of a letter containing money created of itself a presumption of fact, slight or otherwise, that the money was received by the person to whom the letter was addressed. This is a very different proposition from that which was claimed at the trial to be a correct statement of the law, and if conceded to be correct, wholly fails to show that the defendant has any just ground of exception. The rule, as now contended for, was not at all denied by the court, but was in substance, though not stated in the same words, embraced in the instructions which were given to the jury. They were left perfectly free to attach all the im-portance to the proof concerning the transmission of the letter and money by mail to which it was justly or legitimately en-titled. It being left to them, without restriction, to be consid-

ered and weighed as it should be, the defendant had the full benefit and advantage of the fact as evidence in his behalf, and he has no cause of complaint that the broader rule asked for at the trial, but not now defended as correct, was not sustained and adopted by the court. *Exceptions overruled.*